E-FILED
Wednesday, 14 November, 2018  10:06:52 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHERYL L ARD, AND COLLECTION | ) | |
| PROFESSIONALS, INC. | ) | |
| | ) | |
| | ) | CIVIL NO. 18-cv- 4216 |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes, UNITED STATES OF AMERICA, by and through its attorneys, JOHN C. MILHISER, United States Attorney for the Central District of Illinois, and Assistant United States Attorney KIMBERLY A. KLEIN, and for its cause of action alleges that:

1.  This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following persons as defendants:

    CHERYL L ARD, AND COLLECTION PROFESSIONALS, INC.

2.  Attached as Exhibit "A" is a copy of the mortgage; Exhibit "B" is a copy of the Promissory Note secured thereby; and Exhibits "C" and "D" are the Reamortization Agreements; and Exhibit "E" is the Notice of Acceleration.

3.  Information concerning mortgage:

    | | | |
    |---|---|---|
    | (A). | Nature of instrument: | Mortgage |
    | (B) | Date of mortgage: | Ex. A, April 13, 2004 |
    | (C) | Names of mortgagors: | Ex. A, Terry L Ard, (now |

|  |  | deceased) and Cheryle L Ard |
|---|---|---|

(D)　　Name of mortgagee:　　United States of America, United States Department of Agriculture

(E)　　Date and place of recording:　　Ex. A, April 13, 2004, Hancock County, Illinois

(F)　　Identification of recording:　　Ex. A, recorded as Instrument 2004-1390,

(G)　　Interest subject to the mortgage:　　Fee Simple

(H)　　Amount of original indebtedness, including subsequent advances made under the mortgage:　　$87,654.00

(I)　　Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

1.　　Legal description of the mortgaged premises:

A part of the Southwest Quarter of the Northwest Quarter of Section Fourteen (14), Township Three (3) North, Range Six (6) West of the Fourth Principal Meridian, County of Hancock, State of Illinois, more particularly described as follows: BEGINNING at the Southwest corner of said Northwest Quarter; thence North (assumed bearing for this description) 647.00 feet along the West line of said Northwest Quarter; thence South 89 degrees 49 minutes 30 seconds East, 365.00 feet; thence South 647.00 feet to a point on the South line of said Northwest Quarter; thence North 89 degrees 49 minutes 30 seconds West, 365.00 feet to the Point of Beginning; containing 5.42 acres, more or less and being SUBJECT to the rights of the public for roadway purposes along the existing County Roads; all as shown by Survey of David R. Wolfe, L.S. IL Reg. 35-2341, dated November 13, 1989, and recorded in the Recorder's Office of Hancock County, Illinois, on January 8, 1990, as Instrument 90-93, in Book 12 of Surveys, Page 24.
PARCEL # 24-14-000-117

2.　　Common address or location of mortgaged premises:

361 North County Road 2300, Bowen, Illinois 62316

2

(J)    Statement as to defaults and amount now due::

    1.    Date of Default is December 16, 2014.

    2.    Payments which have become due under the secured note are in default and arrears in the total amount of $65,337.50.

    3.    The total amount now due is $145,892.02 as of July 11, 2018, plus interest accrued thereafter, court costs, title costs, and plaintiff's attorney fees.  This amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendants account.

    4.    The per diem interest accruing under the mortgage after default is $18.8835.

(K)    Name of present owners of the real estate:  Terry L Ard, ( now deceased) and Cheryle L Ard

(L)    Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated.

    (1) Collection Professionals, Inc., by virtue of Memorandum of Judgment recorded October 3, 2011 as Instrument 2011-2545.

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim, or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)    Names of defendants claimed to be personally liable for deficiency, if any:

Not applicable.

(N)    Capacity in which plaintiff brings this foreclosure: as   the   owner   and legal holder of said note, mortgage, and indebtedness.

(O)    Facts in support of shortened redemption period, if sought:

3

The fair market value of the mortgaged real estate is less than 90 percent of the amount of the judgment requested herein and mortgagee hereby waives any and all rights to a personal deficiency judgment against the defendants.

(P)     Facts in support of request for costs and expenses, if applicable:

Plaintiff has been required to incur title insurance or abstract costs, and other expenses which should be added to the balance secured by said mortgage.

(Q)     Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought:

Not applicable.

(R)   Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(S)   Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:

Cheryle L Ard

## REQUEST FOR RELIEF

Plaintiff requests:

    i.    A judgment to foreclosure such mortgage, ordering:

        a.  That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

        b.  That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or, if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law);

        c.  That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy

4

the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment.

d. That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e. That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate; and

f. That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

ii. An order granting a shortened redemption period, if authorized by law.

iii. A personal judgment for a deficiency, if authorized by law.

iv. An order granting possession.

v. An order placing the mortgagee in possession or appointing a receiver.

vi. A judgment for fees, costs and expenses.

vii. Enforcement of its assignment of rents derived from said real estate.

viii. Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS Section 5/15-1506(f)):

i.      Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

ii.     Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record.

iii.    In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

UNITED STATES OF AMERICA, Plaintiff

*JOHN C. MILHISER*
*UNITED STATES ATTORNEY*

s/Kimberly A. Klein, IL Bar No. 6230077
Attorney for Plaintiff
United States Attorney's Office
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel:  309-671-7050
Fax:  309-671-7259
Email:  Kimberly.Klein@usdoj.gov

6

Instrument No. *2004 - 1390*

The form of this Mortgage was prepared by the Office of the General Counsel, United States Department of Agriculture and the material in the blank spaces was inserted by or under the direction of
Sharon S. Roberts
110 Buchanan Street
Carthage, Il    62321

*Fee #23.00 Pd.*

*Rd. Co ppw*

Form RD 3550-14 IL
(Rev. 9-99)

**RECORDED**
**County of Hancock**
**State of Illinois**
Date: *April   13   2004*
Time:    *3:01   P.M.*
Document No. *2004 - 1390*
*Kerry Aebridge, &.*
**Recorder**

[Space Above This Line For Recording Data]

Form Approved
OMB No. 0575-0172

United States Department of Agriculture
Rural Housing Service

## MORTGAGE FOR ILLINOIS

THIS MORTGAGE ("Security Instrument") is made on        April 13            , 2004 . [Date]
The mortgagor is Terry L. Ard and Cheryle L. Ard, Husband and Wife
("Borrower").
This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| 04/13/04 | $87,654.00 | 04/13/37 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrowers covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in    Hancock                                County , Illinois:

See Attached Legal Description

which has the address of  361 N. County Road 2300                                    Bowen          , Illinois 62316
                         [Street]                                                [City]                      [ZIP]
("Property Address");

*According to the Paperwork Reduction Act of 1995, an agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Page 1 of 6

## EXHIBIT A

A part of the Southwest Quarter of the Northwest Quarter of Section Fourteen (14), Township Three (3) North, Range Six (6) West of the Fourth Principal Meridian, County of Hancock, State of Illinois, more particularly described as follows: BEGINNING at the Southwest corner of said Northwest Quarter; thence North (assumed bearing for this description) 647.00 feet along the West line of said Northwest Quarter; thence South 89 degrees 49 minutes 30 seconds East, 365.00 feet; thence South 647.00 feet to a point on the South line of said Northwest Quarter; thence North 89 degrees 49 minutes 30 seconds West, 365.00 feet to the Point of Beginning; containing 5.42 acres, more or less, and being SUBJECT to the rights of the public for roadway purposes along the existing County Roads; all as shown by Survey of David R. Wolfe, L. S. IL Reg. #35-2341, dated November 13, 1989, and recorded in the Recorder's Office of Hancock County, Illinois, on January 8, 1990, as Instrument #90-93, in Book 12 of Surveys, page 24.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.
2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional ~security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (I) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

Page 3 of 6

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this

Security Instrument.

**17. Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

**18. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

**19. Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual Knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**21. Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

**22. SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

**23.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (D any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

**24.** Borrower agrees that Lender will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which Lender may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the

Page 5 of 6



time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

    **25. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

    □ Condominium Rider    □ Planned Unit Development    □ Other(s) [specify]

    BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument.

_____ (SEAL)*    _____ (SEAL)*
Terry L. Ard                Cheryle L. Ard

## ACKNOWLEDGMENT

STATE OF ILLINOIS  }
COUNTY OF __Hancock__  } **ss:**

    I,__Rodney G. Clark_____ , a Notary Public, do hereby

certify that ____Terry L. Ard_____ and __Cheryle L. Ard,_____
husband and wife,
**personally known to me to be the same persons whose names are subscribed to the foregoing**

**instrument, appeared before me this day in person and acknowledged that they signed, sealed and**

**delivered the said instrument as their free and voluntary act, for the uses and purposes therein set**

**forth.**

**Given under my hand and official seal this__13th___ day of ___APril_____ ,2004___**

                                        *   Rodney G. Clark               *Notary Public*

**(SEAL)**

> OFFICIAL SEAL
> **RODNEY G. CLARK**
> NOTARY PUBLIC · STATE OF ILLINOIS
> MY COMMISSION EXPIRES 9-23-2007

**My commission expires___09/23/07_____**

*Print, stamp or typewrite the names of the mortgagors and the notary beneath their signatures.*

                                                                     Page 6 of 6

Form RD 1940-16
(Rev. 6-99)

Form Approved
OMB No. 0575-0172

## UNITED STATES DEPARTMENT OF AGRICULTURE
## RURAL HOUSING SERVICE

## PROMISSORY NOTE

Type of Loan  SECTION 502                    Loan No. ▇▇▇▇▇▇▇

Date: 04-13-2004

361 N County Road 2300,
_____
(Property Address)

Bowen_____, Hancock_____, IL_____
(City or Town)              (County)              (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 87 654.00 _____ (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ____6.1250____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____, _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _____ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $_____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in ____396____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _13th_ day of each month beginning on ____May 13____2004_ and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on _April 13__2037_, I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ _516.14_____, I will make my monthly payment at the post office address noted on my billing statement_____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

**EXHIBIT B**

Account #

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of___15__days after the date it is due, I will pay a late charge. The amount of the charge will be_____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

Account # ███████

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.**

_____ Seal     _____ Seal
Borrower Terry L Ard     Borrower Cheryle L Ard

_____ Seal     _____ Seal
Borrower     Borrower

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 87,654.00 | 04/13/04 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 0.00 | |

3

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
January 13, 2008

RECEIVED
JAN 3 0 2008
Front-End Processing Unit

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $   87654.00, plus interest on the unpaid principal of 6.12500% per year, executed by <u>TERRY L ARD</u>                                and <u>CHERYLE L ARD</u>                      , (Borrower) dated       April 13,  2004 and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $    93574.93.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  6.12500% per annum at $      573.70 per month beginning  February 13, 2008 and on the 13rd day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on
    April 13, 2037.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Housing Service will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

## EXHIBIT C

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.



Borrower                  Date 1-26-08

Borrower                  Date 1-26-08

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
April 13, 2013

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $      87654.00, plus interest on the unpaid principal of 6.12500% per year, executed by TERRY L ARD_____ and CHERYLE L ARD_____, (Borrower) dated      April 13,  2004 and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $     93984.45.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  6.12500% per annum at $      623.65 per month beginning       May 13, 2013 and on THE 13rd DAY OF each succeeding month until the principal AND INTEREST ARE PAID, EXCEPT THAT THE final installment of the entire debt, if not paid sooner, will be due and payable on
    April 13, 2037.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Housing Service will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

# EXHIBIT D

1234567890123 L9213000

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge.  However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds.  Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____  Date _____
Borrower

_____  Date _____
Borrower



**United States
Department of
Agriculture**

***Rural Development***

*Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)*



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

TERRY L ARD

BOWEN                    IL 62316              BCP

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S);  NOTICE OF INTENT TO
          FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
          THIS ACTION.

Dear   TERRY L ARD

  PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Program (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable.  If payment in full is not made,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the
indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
|  | 04/13/04 | 87654.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation.  However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

        MONETARY DEFAULT

The balance of the account is $  93550.43        unpaid principal and
$  8413.80          unpaid interest, as of 12/16/14 , plus additional interest accruing at the rate
of $ 15.6985          per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of  subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

**EXHIBIT E**

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.



Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



> USDA-Rural Development
> P.O. Box 790170
> St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than  12/31/14 . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.



UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:    12/16/14
Attachment
CC:    State Office

This letter was mailed certified and regular mail on    12/16/14 .

*H4000012703* L9051BCP



# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,   send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT  BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

ILLINOIS STATE OFFICE
USDA - Rural Development
2118 West Park Court
Suite A
Champaign, IL 61821-2986

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457



**United States
Department of
Agriculture**

**Rural Development**

Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

CHERYLE L ARD

BOWEN                    IL 62316            BCP

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S);  NOTICE OF INTENT TO
          FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
          THIS ACTION.

Dear   CHERYLE L ARD

 PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Program (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable.  If payment in full is not made,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the
indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| | 04/13/04 | 87654.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation.  However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

    **MONETARY DEFAULT**

The balance of the account is $  93550.43       unpaid principal and
$  8413.80          unpaid interest, as of  12/16/14 , plus additional interest accruing at the rate
of $ 15.6985          per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of  subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



> USDA-Rural Development
> P.O. Box 790170
> St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than  12/31/14 . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING -** If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.



You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:    12/16/14
Attachment
CC:   State Office

This letter was mailed certified and regular mail on    12/16/14 .



# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

*H40000128064* L9051BCP

To request reconsideration, send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

ILLINOIS STATE OFFICE
USDA - Rural Development
2118 West Park Court
Suite A
Champaign, IL 61821-2986

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457



**United States Department of Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)



CERTIFIED MAIL
RETURN RECEIPT REQUESTED

TERRY L ARD
~~502~~
SUMMERSVILLE          MO 65571-6727          BCP

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION.

Dear   TERRY L ARD

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption agreement(s) which evidence the loan(s) received by you from the United States of America, acting through the United States Department of Agriculture Rural Housing Program (RHS), formerly Farmers Home Administration, is now declared immediately due and payable.  If payment in full is not made, the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| ~~0031~~ | 04/13/04 | 87654.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to collect or enforce the debt(s) as your personal obligation.  However, RHS is entitled to collect the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are) as follows:

**MONETARY DEFAULT**

The balance of the account is $ 93550.43          unpaid principal and
$ 8413.80          unpaid interest, as of 12/16/14 , plus additional interest accruing at the rate of $ 15.6985          per day thereafter, plus additional advances to be made by the United States for the protection of its security, the interest accruing on any such advances, fees, or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



USDA-Rural Development
P.O. Box 790170
St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   12/31/14  . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.



You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture


Date:   12/16/14
Attachment
CC:   State Office.


This letter was mailed certified and regular mail on    12/16/14 .

*H4000013103* L9051BCP



# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.


## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.


## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.


## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,  send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

ILLINOIS STATE OFFICE
USDA - Rural Development
2118 West Park Court
Suite A
Champaign, IL 61821-2986

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)



<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

CHERYLE L ARD
~~████████~~

SUMMERSVILLE        MO 65571-6727        BCP

SUBJECT:  NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S);  NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION.

Dear   CHERYLE L ARD

 PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Program (RHS), formerly Farmers
Home Administration, is now declared immediately due and payable.  If payment in full is not made,
the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the
indebtedness by foreclosure of its lien(s) on your house.

| <u>Account Number(s)</u> | <u>Date of Instruments</u> | <u>Amount</u> |
|---|---|---|
| ~~████████~~ | 04/13/04 | 87654.00 |

The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation.  However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is $ 93550.43        unpaid principal and
$ 8413.80        unpaid interest, as of 12/16/14 , plus additional interest accruing at the rate
of $ 15.6985        per day thereafter, plus additional advances to be made by the United States
for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of  subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

*H4000013201* L9051BCP

Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the USDA/RD and mailed to the following address:**



> USDA-Rural Development
> P.O. Box 790170
> St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than   12/31/14  . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.



You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract).  You cannot be denied a loan because all or a part of your income is from a public assistance program.  If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act.  The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time.  Please refer to your Account number when you write or call us.  Thank you.


UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture



Date:    12/16/14
Attachment
CC:   State Office


This letter was mailed certified and regular mail on     12/16/14 .



# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,   send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

ILLINOIS STATE OFFICE
USDA – Rural Development
2118 West Park Court
Suite A
Champaign, IL 61821-2986

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
        Plaintiff

❏ 3   Federal Question
        *(U.S. Government Not a Party)*

❏ 2   U.S. Government
        Defendant

❏ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1   Original
        Proceeding

❏ 2   Removed from
        State Court

❏ 3   Remanded from
        Appellate Court

❏ 4   Reinstated or
        Reopened

❏ 5   Transferred from
        Another District
        *(specify)*

❏ 6   Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.